UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: VOLKSWAGEN "CLEAN DIESEL" CASES | Civil Action No.: 15-7012 (JLL) (JAD) <br><br> **ORDER APPOINTING THE HONORABLE LAYN R. PHILLIPS AND THE HONORABLE FAITH S. HOCHBERG AS MASTERS FOR EXPEDITED SETTLEMENT NEGOTIATIONS** |

Based upon the large number of parties involved and the overall complexity of this litigation, and after discussing the matter with Plaintiffs' Interim Co-Liaison Counsel and counsel for Defendants at a Status Conference held on October 20, 2015, as well as a telephone conference held on October 22, 2015,

**IT IS** on this 23rd day of October, 2015,

ORDERED that in accordance with Federal Rule of Civil Procedure 53, the Honorable Layn R. Phillips and the Honorable Faith S. Hochberg are hereby appointed as Masters for the purpose of facilitating expedited settlement negotiations between the Plaintiffs and all Defendants. In their roles as Masters, Judges Phillips and Hochberg are directed to proceed with all reasonable diligence in facilitating these negotiations, in the manner and at the times and locations they deem appropriate; and it is further

ORDERED that for each settlement negotiation session, Judges Phillips and Hochberg shall have the authority to establish the negotiation process, including the submission of documents, the attendance of parties with authority to settle, the procedure governing the settlement negotiations, and the schedule for the negotiations; and it is further

1

ORDERED that all proceedings, discussions, and writings incident to these settlement negotiations shall be privileged and confidential and shall not be disclosed, filed or placed in evidence; and it is further

ORDERED that Defendants Volkswagen AG and Audi AG are directed to participate in these expedited settlement negotiations but may proceed without prejudice to their right to later raise any defenses to service of process or jurisdiction; and it is further

ORDERED that Interim Co-Liaison Counsel shall participate in these expedited settlement negotiations on behalf of Plaintiffs consolidated in the above action; and it is further

ORDERED that Judges Phillips and Hochberg may communicate ex parte with any party or the Court, at their discretion. Judges Phillips and Hochberg in their discretion, may impose non-contempt sanctions under Rule 53(c)(2) and may, where they deem necessary, recommend contempt proceedings to the Court. They may also conduct any discovery related proceedings and any evidentiary hearings that they deem necessary to facilitate settlement or to resolve any issues that arise in the settlement negotiations; and it is further

ORDERED that as Masters appointed under this Order, Judges Phillips and Hochberg shall function as quasi-judicial officers under the authority of the Court, and are, therefore, immune from suit. Neither Judge Phillips nor Judge Hochberg shall be called as a witness; and it is further

ORDERED that Judges Phillips and Hochberg shall be compensated by the Plaintiffs and the Defendants in accordance with rates to be determined by Judges Phillips and Hochberg following their discussion of this matter with the parties. The Plaintiffs shall pay half of the Masters' fees and expenses, and the Defendants shall collectively pay the other half of

these fees and expenses. The right to entertain motions seeking redistribution of these fees and expenses following the entry of judgment in this matter shall be reserved to the then-presiding court; and it is further

ORDERED that in accordance with Rule 53(b)(1), the parties shall within **seven (7) days** of the date of this Order, file and serve any objections they might have to the appointment of Judges Phillips and Hochberg as Masters or any other terms of this Order.

**IT IS SO ORDERED**.

_____
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE